CLD-139                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4004
_____

JERRY A. CHAMBERS, SR.,
                                        Appellant

v.

PHILADELPHIA MEDIA NETWORK INC;
JAMES STOKES, Vice President of Review Publishing LP;
LORRAINE GENNARO, Reporter
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-06589)
District Judge:  Honorable Gene E. K. Pratter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2013
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 2, 2014)
_____

OPINION
_____

PER CURIAM

    Pro se appellant Jerry Chambers appeals the District Court's order dismissing his

second amended complaint.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and

exercise plenary review over the District Court's order.  See <u>Allah v. Seiverling</u>, 229 F.3d

220, 223 (3d Cir. 2000). For the reasons discussed below, we will summarily affirm the District Court's judgment.

In May 2005, Chambers was convicted in Pennsylvania state court of first-degree murder and other offenses stemming from the brutal killing of a three-year-old girl, and he was sentenced to death. See generally Commonwealth v. Chambers, 980 A.2d 35 (Pa. 2009). In October 2011, Chambers instituted an action against various media defendants — the Philadelphia Media Network; James Stokes, an executive of Review Publishing LP; and Lorraine Gennaro, a reporter — alleging that they had violated his rights in the course of their reporting on his trial and conviction. The District Court twice dismissed Chambers's complaints but permitted him to replead; in Chambers's second amended complaint, he claimed that the defendants, in violation of 42 U.S.C. § 1983, had committed racial discrimination and defamed him. The defendants then filed motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The District Court granted the defendants' motions and dismissed Chambers's second amended complaint, concluding that he had failed to state a claim. More specifically, the Court ruled that Chambers's claims under § 1983 failed as a matter of law because he had not alleged the requisite state action. Chambers then filed a timely notice of appeal to this Court.

We agree entirely with the District Court's disposition of this case. As the District Court explained, to state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). The defendants here — members of the media and a media

2

company — generally do not qualify as state actors. See, e.g., Anderson v. Suiters, 499 F.3d 1228, 1232-34 (10th Cir. 2007). While it is true that a private actor can be liable under § 1983 if that person "has acted together with or has obtained significant aid from state officials," Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) (internal quotation marks omitted), Chambers has pleaded only that the defendants were "Conspiring With the Prosecution." That allegation, without more, is patently insufficient to assert the necessary "plausible grounds to infer an agreement" between any of the defendants and a state actor. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (internal quotation marks omitted). Accordingly, the District Court properly dismissed Chambers's § 1983 claims. See id.; see also James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (in determining whether a proper claim has been pleaded, "we accept the factual allegations contained in the Complaint as true, but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements").[1]

Moreover, in these circumstances, the District Court did not abuse its discretion in denying Chambers's request for the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (explaining that in exercising discretion to appoint counsel, a district court must determine, as a threshold matter, whether "the plaintiff's claim has arguable merit in fact and law").

---

[1] Further, to the extent that Chambers asserted a state law claim — and it is not clear that he did — the District Court acted well within its discretion in declining to exercise supplemental jurisdiction over that claim. See, e.g., Kach, 589 F.3d at 650.

3

Accordingly, we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir.

L.A.R. 27.4; I.O.P. 10.6.